UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DESMOND M. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1054 |
| | ) | |
| BERNICE YOUNG, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Peoria County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Young placed him in a cell wearing only a "turtle suit" (presumably a green smock with fabric that cannot be torn) for several days following a mental breakdown. Plaintiff alleges that he was given medications that were not his, forced to urinate and defecate into a hole in the ground not designed for bowel movements, and forced to sleep

without a sleeping mat. Plaintiff alleges that he experienced pain and had a seizure as a result.
Plaintiff alleges that staff denied his requests to be placed into a restraint chair and pepper
sprayed him when he walked towards it. Plaintiff alleges that jail officials thereafter placed him
in a cell with feces and blood on the walls, urine and pubic hairs on the floor, and an ant
infestation. Plaintiff alleges that jail officials refused to clean his vomit off the floor.

Plaintiff states Fourteenth Amendment claims for failure to provide adequate mental
health care and inhumane conditions of confinement against Defendant Young. Plaintiff is
advised that he cannot prevail against Defendant Young just because she may have been in
charge; he must show how she was personally involved in the constitutional deprivations he
alleges. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.
1996). If other jail officials were responsible, Plaintiff must amend his complaint to include them
in this lawsuit. The Peoria County Jail is not a proper defendant under § 1983, and, therefore,
will be dismissed. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993)
(holding the Cook County Jail was not a person under Section 1983).

**IT IS THEREFORE ORDERED:**

1.      **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the
court finds that the plaintiff states Fourteenth Amendment claims for failure to provide
adequate mental health care and inhumane conditions of confinement against Defendant
Young. Any additional claims shall not be included in the case, except at the court's
discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil
Procedure 15.**

2.      **This case is now in the process of service. The plaintiff is advised to wait until
counsel has appeared for the defendants before filing any motions, in order to give notice to
the defendants and an opportunity to respond to those motions. Motions filed before
defendants' counsel has filed an appearance will generally be denied as premature. The
plaintiff need not submit any evidence to the court at this time, unless otherwise directed by
the court.**

3.      **The court will attempt service on the defendants by mailing each defendant a
waiver of service. The defendants have 60 days from the date the waiver is sent to file an
answer. If the defendants have not filed answers or appeared through counsel within 90**

days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.　　The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.　　The clerk is directed to attempt service on Bernice Young pursuant to the standard procedures.

12.　　The clerk is directed to terminate Peoria County Jail as a defendant.

13.　　Plaintiff's motion for counsel [4] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 21st day of March, 2023.


*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE